# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 712
### HEAD v. STATE
Ohio Appeals, 7th Dist., Mahoning County
March 21, 1924

**33. CRIMINAL LAW—An error in the court's charge concerning a lesser degree of crime, is unimportant if a verdict of guilty is found upon a higher degree of crime. _____**

ROBERTS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Clem Head, a negro, procured a revolver from the house of one Sellers in Youngstown, and going outside the house, he listened a few moments to an argument between Sellers and a man named Payne, and then, without provocation, drew the revolver and shot Payne. A short time later, while walking in a street, he was discovered and accosted by police officers, and he fired at them, wounding one. He then fled and was pursued by several persons. One of these persons, Antonucci by name, overtook Head and grasped him whereupon Head shot Antonucci through the heart, killing him. Head fled further, but was soon overpowered and captured. He was indicted for the killing of Antonucci, and tried in the Common Pleas, and by the verdict of a jury, found guilty of murder in the first degree. The defense was that Head was so badly intoxicated as to have been incapable of premeditation. The court instructed the jury that manslaughter was the taking of human life unintentionally, while engaged in a sudden quarrel. Head prosecuted error on several grounds. The Court of Appeals held:

The evidence clearly indicated an absence of such intoxication as to impair Head's physical ability or his mental operations.

The correct definition of manslaughter is the unlawful killing of another without malice, either upon a sudden quarrel or unintentionally, while the slayer is in the commission of some unlawful act. The act may be intentional and still constitute manslaughter in a sudden quarrel, 25 OS. 369,373. By the court's charge, the right to a decree of manslaughter was extended to defendant only in case the act was unintentional. However, the erroneous charge was not prejudicial to defendant for the reason that the jury found him guilty of a higher degree of crime. Judgment affirmed.

Attorneys—David Shermer and Leo S. Wilkoff, for Head; H. H. Hall, Pros. Atty., for State; all of Youngstown.

No. 713
### SENKFOR v. SHAMBACHER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5576.    June 23, 1924

For pending case on motion to certify, see 2 Abs. 484.

**639. INJUNCTIONS—Employer will not be allowed to enjoin employe from engaging in same business on his own account in the absence of a contract to that effect.**

PER CURIAM.              Epitomized Opinion
Published Only in Ohio Law Abstract

Original action brought in the Common Pleas by Henry Senkfor to restrain Rudolph Shambacher from soliciting or taking laundry from any of the customers of Senkfor. Shambacher had worked as solicitor and driver for Senkfor's business, the Wet Wash Laundry Co., merely as an employe. The petition contained no allegation of a contract by Shambacher not to engage in this business elsewhere; there was no allegation as to the stealing of trade secrets or of books or names of customers. Shambacher demurred to the petition and the demurrer being sustained, Senkfor allowed judgment to be entered against him and prosecuted error to the Court of Appeals, which held:

In the absence of a contract by Shambacher not to work at this business elsewhere, no cause of action existed against him. This court has previously so held. Delivery Co. v. Dillman, 8 Unrep. op. 102. The demurrer was properly sustained by the court below. Judgment affirmed.

Attorneys—Acker & Wald, for Senkfor; J. J. Babka, for Shambacher; all of Cleveland.